

# NUMBER 13-12-00681-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE SYLVESTER CASAREZ

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion Per Curiam[1]

Relator, Sylvester Casarez, a pro se inmate currently incarcerated in the Rufus H. Duncan Unit of the Texas Department of Criminal Justice—Institutional Division ("TDCJ-ID") in Diboll, Texas, has filed a petition for writ of mandamus in which he contends that prison staff improperly withdrew funds from his trust account for medical expenses. *See* TEX. GOV'T CODE ANN. § 501.014(f)(8) (West 2012) (allowing the department to place a hold on money in or withdraw money from an inmate account to, inter alia, recover money the inmate owes the department for indigent supplies, medical

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

copayments, destruction of state property, or other indebtedness).  Relator asks that we issue a writ of mandamus compelling the director of TDCJ-ID to refund his money.

Article V, Section 6 of the Texas Constitution specifies the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law."  TEX. CONST. art. V, § 6.  This Court's original jurisdiction is governed by section 22.221 of the Texas Government Code.  *See* TEX. GOV'T CODE ANN. § 22.221 (West 2004).  This section provides that we may issue writs of mandamus and "all other writs necessary to enforce the jurisdiction of the court."  *See id.* § 22.221(a).  The section expressly limits the mandamus jurisdiction of the courts of appeals to writs of mandamus issued against "a judge of a district or county court in the court of appeals' district" or against a "judge of a district court who is acting as a magistrate at a court of inquiry . . . in the court of appeals district."  *See id.* § 22.221(b).

Under the express provisions of the government code, the TDCJ-ID director is not one of the individuals over whom we have mandamus jurisdiction.  *See id.; see also In re Linder*, No. 13-12-00391-CV, 2012 Tex. App. LEXIS 5647, at **1–2  (Tex. App.—Corpus Christi June 20, 2012, orig. proceeding) (per curiam mem. op.).  Moreover, the matters herein arise from Angelina County, which is not located within the territorial jurisdiction of this Court.  *See* TEX. GOV'T CODE ANN. § 22.201(n) (West Supp. 2011).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that we lack jurisdiction over this proceeding.  *See id.* §§ 22.221(b), 22.201(n).  Accordingly, the petition for writ of

mandamus is DISMISSED for want of jurisdiction. *See* TEX. R. APP. P. 52.8(a). All pending motions are likewise DISMISSED for want of jurisdiction.


PER CURIAM

Delivered and filed the
6th day of November, 2012.